IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK ANTHONY WINSTON §
 §
    Petitioner, §
 §
VS. §
 § NO. 3-08-CV-1425-M
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
 §
    Respondent. §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Mark Anthony Winston, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1990, petitioner was convicted of aggravated robbery and sentenced to 50 years confinement. His conviction and sentence were affirmed on direct appeal. *Winston v. State*, No. 05-90-00668-CR (Tex. App.--Dallas, May 16, 1991, no pet.).[1] Petitioner also filed two applications for state post-conviction relief. The first application was denied without written order. *Ex parte Winston*, No. 29,632-01 (Tex. Crim. App. Nov. 1, 1995). The second application was dismissed as successive. *Ex parte Winston*, No. 29,632-02 (Tex. Crim. App. Apr. 2, 2008). Petitioner then filed this action in federal district court.

---

[1] The state appeals court reformed the judgment to reflect that "the jury, not the trial court, made the affirmative finding that appellant used or exhibited a deadly weapon during the commission of the offense." *Winston*, No. 05-90-00668-CR, op. at 29.

II.

Petitioner raises four broad issues in 15 grounds for relief. Succinctly stated, petitioner contends that: (1) the evidence was insufficient to support his conviction; (2) the indictment was defective; (3) the prosecutor made an improper jury argument and impermissibly bolstered the testimony of several witnesses; and (4) the trial court erred in failing to excuse several jurors for cause and by making a deadly weapon finding.

Respondent has filed a preliminary response suggesting that this case is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996. *See, e.g. Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

### B.

Petitioner was convicted of aggravated robbery in 1990. The state appeals court affirmed his conviction in 1991 and the Texas Court of Criminal Appeals denied habeas relief in 1995--all before the effective date of the AEDPA. On April 13, 2007, nearly 11 years after the AEDPA was enacted, petitioner filed a second application for state post-conviction relief. The application was dismissed as successive on April 2, 2008. Petitioner filed this action in federal court on August 8, 2008.

The AEDPA statute of limitations started to run on April 24, 1996--the date the statute became effective. *See Flores*, 135 F.3d at 1005. Yet petitioner waited more than *12 years* before seeking federal post-conviction relief. No explanation has been offered to justify this delay. Consequently, this case should be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 13, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE